# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NOEL VAZQUEZ GIRON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-911-SLP** |
| ) | |
| **CHRIS GANTT, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner, Noel Vazquez Giron, a non-citizen proceeding *pro se*, filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a motion to dismiss. (Doc. 7). After filing their motion, Respondents filed a notice advising that Petitioner was removed from the United States on May 29, 2026. (Doc. 10). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

As a result, Respondents' Motion to Dismiss – based on grounds other than Petitioner's removal from the United States – should be **DENIED** as **moot**.  (Doc. 7).

## I.    Background

Petitioner asserts he was taken into immigration custody on October 27, 2025. (Doc. 1, at 4).  He asserted a removal order was entered on April 6, 2026, but he filed an appeal on April 23, 2026.  (*Id.* at 4-5).  When he filed the Petition on April 21, 2026, Petitioner was detained at Cimmaron Correctional Facility in Cushing, Oklahoma.  (*Id.* at 1, 8).  Petitioner complained that he was arrested without a warrant in violation of 8 U.S.C. § 1226(a), that his detention without a bond hearing violated his right to due process, and his detention without a custody re-determination violated his right to due process.  (*Id.* at 6).  He asked that the court order his immediate release on an order of supervision or that he be given a custody re-determination hearing.  (*Id.* at 7).

On May 12, 2026, Respondents filed a motion to dismiss, arguing that Petitioner failed to state a claim because he failed to appeal the removal order and it became administratively final.  (Doc. 7, at 2).  Thus, they argued that Petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a).  (*Id.*)

On May 19, 2026, Respondents filed a notice stating that ICE advised it intended to remove Petitioner "imminently," but after 72 hours elapsed from filing the notice.  (Doc. 8, at 1).  After the undersigned ordered Respondents to provide an update, (Doc. 9), Respondents filed a notice on June 2, 2026, stating Petitioner was removed to Honduras on May 29, 2026.  (Doc. 10, at 1; *id.* at Ex. 1, at 2).  In the notice, Respondents requested

that "the Court dismiss the Petition in this matter as moot and close the action." (Doc. 10, at 1).

## II.   Analysis

The Court had jurisdiction over this matter when it was initially filed. *See Chan v. Bondi*, No. CIV-25-1412-JD, ECF No. 20, at *1 (W.D. Okla. Dec. 29, 2025) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). But here, "the more substantial question . . . is whether petitioner's subsequent [removal] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So a case is "moot only when it is impossible for a court to grant

3

any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner has been removed to Honduras and is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Chan*, ECF No. 20, at *3 (Dec. 29, 2025); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding no "secondary or collateral consequences survive[d] [the petitioner's] deportation" and that an inability to return to the United States "stem[med] from his removal order, not his detention"). Thus, this action should be dismissed as moot. *See Chan*, ECF No. 20, at *3 (Dec. 29, 2025) (dismissing the habeas petition as moot).

### III.     Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner has been removed to Honduras and is no longer in ICE custody. Additionally, Respondents' Motion to Dismiss, (Doc. 7), should be **DENIED** as **moot**.

**The court advises the parties of their right to object to this Report and Recommendation by June 22, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 8th day of June, 2026.

_Amanda L. Maxfield_
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE